## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRILLIANT OPTICAL SOLUTIONS LLC )<br><br>     *Plaintiff,*     )<br><br>v.     )<br><br>     )<br><br>ZAYO GROUP, LLC     )<br><br>     *Defendant.*     ) | Case No.<br>1:13-cv-00887-RBJ<br><br>***JURY TRIAL DEMANDED*** |

### FIRST AMENDED COMPLAINT

Plaintiff Brilliant Optical Solutions LLC ("BOS") files this Complaint for infringement of U.S. Patent No. 5,555,478 under 35 U.S.C. § 271 against defendant Zayo Group, LLC. ("Zayo"). Plaintiff seeks damages and injunctive relief.

Plaintiff alleges as follows:

### PARTIES

1. Plaintiff Brilliant Optical Solutions LLC is a Texas company organized under the laws of the State of Texas. BOS maintains its principal place of business at 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

2. Upon information and belief, Zayo is a limited liability company organized under the laws of the state of Delaware having its principal place of business at 400 Centennial Pkwy., Ste. 200, Louisville, Colorado 80027.  Zayo is authorized to do business within the state of Colorado and regularly conducts and transacts business in

this jurisdiction, throughout the United States, and within the District of Colorado, either itself or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, alleging infringement of United States Patent No. 5,555,478 (the "'478 patent"). A copy of the '478 patent is attached hereto as **Exhibit A** and is incorporated herein by reference in its entirety.

4.     The Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Zayo because Zayo has conducted business in this district and upon information and belief has infringed, contributed to infringement of and/or actively induced others to infringe the '478 patent in this district as alleged in this Complaint. Finally, Zayo has its corporate headquarters in this district as described in paragraph 2.

6.     Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## PATENT-IN-SUIT

7.     The '478 patent entitled "Fiber Optic Information Transmission System" was duly and legally issued posthumously to inventor Joseph Zelikovitz on September 10, 1996. **Exhibit A**.

8.      Before he passed away, Joseph Zelikovitz recognized a problem with the conventional means of information transmission and with bridging standard copper communication lines with the developing optic lines.

9.      He dedicated himself to opening up the "bottlenecks" that occurred when information was transmitted by the understood methods of the time.  He envisioned a system with fibers connected end-to-end, but with intelligent routing along the way.

10.     He invented a packet-based fiber-optic network, and an application for his invention was filed on June 7, 1995.  As stated above, the patent issued on September 10, 1996.

11.     All right, title and interest to the '478 Patent was initially assigned from his estate to his widow, Mrs. Melba Zelikovitz. **Exhibit B**.

12.     In order to enforce her husband's patent, she assigned right, title and interest to the '478 Patent to Red River Fiber-Optic Corporation.  **Exhibit B**.

13.     The '478 Patent is battle-tested.

14.     On October 4, 2001, Red River Fiber-Optic Corporation filed suit against Defendant Level 3 Communications, Inc. alleging patent infringement.  *Red River Fiber Optic Corp., Inc. v. Level 3 Comm'ns, Inc.*, Case No. 2:01-cv-00208-TJW, Docket No. 1 (E.D. Tex. Oct. 4, 2001) **Exhibit C**. Notably, the Vice-President responsible for litigation matters at Defendant Level 3 Communications, LLC ("Level 3") at that time was Christopher Yost (**Exhibit H),** Zayo's current General Counsel. **Exhibit I** (available at http://www.insideview.com/directory/zayo-group-inc). Upon information and belief, Mr.

3

Yost has been with Zayo since its inception. **Exhibit J** (available at http://newsle.com/article/0/21223785/).

15. On October 4, 2002, a third party requested reexamination of the '478 Patent. **Exhibit D**.

16. The parties settled the suit before the patent emerged from reexamination, but on June 19, 2007 the patent reissued with only minor changes and all its claims intact. **Exhibit A**.

17. On May 19, 2008, Red River filed suit against Verizon Communications, Inc., AT&T Corp., and Quest Communications International Inc. for infringement of the '478 patent. *Red River Fiber Optic Corp. v. Verizon Comm'ns, Inc., et al.*, Case No.2:08-cv-00215-TJW-CE, Docket No. 1 (E.D. Tex. May 19, 2008). This action settled.

18. On February 5, 2013, Red River assigned the '478 patent to Acacia Research Group LLC. ("Acacia"). **Exhibit E**. Acacia is a company that partners with individual inventors and small companies with limited resources to contend with large, unauthorized infringers. The patent was then assigned to BOS, a subsidiary of Acacia, on February 13, 2013. **Exhibit F**.

19. It has recently come to BOS's attention that Defendant Zayo infringes the '478 patent.

20. For example, claim 1 of the '478 patent provides:

1. A fiber optic transmission system comprising:

a plurality of fiber optic lines, subscriber locations, intelligent communication platforms, and at least one intelligent routing card;

4

a first source of data at a first subscriber location;

a first data processor line card at said first subscriber location capable of forming a plurality of data transmission packets with data, header and tail information;

a first intelligent communication platform coupled to said first data processor line card by fiber optic lines wherein said first intelligent communication platform is capable of receiving any one of said transmission packets, determining the appropriate route for said one transmission packet and is capable of shunting said one transmission packet onto the appropriate fiber optic line to a first intelligent line module;

a first intelligent routing card at the junction of at least two fiber optic lines and coupled to said first intelligent line module wherein said first intelligent routing card is capable of receiving any one of said transmission packets, determining the appropriate route for said one transmission packet and shunting said one transmission packet onto the appropriate fiber optic line to or away from said first intelligent line module; and

a second data processor line card at a second subscriber location coupled to said first intelligent routing card capable of receiving said transmission packet and decoding the data within said packet.

**Exhibit A**, '478 patent, col. 12, ln 45 to col. 13, ln 6.

## INFRINGING GOODS/SERVICES

21.    The '478 Patent discloses a fiber optic network that includes fiber optic lines operating in conjunction with shunting and routing devices that divert information through a network to the intended subscriber.

22.    Zayo was aware of the patent at a minimum through its General Counsel's involvement in Level 3's litigation of the '473 patent.

23.    Upon information and belief, Zayo owns, operates, maintains, sells, offers for sale, makes, and uses a fiber optic transmission system as described in the claims of the '478 Patent.

24.    Specifically, Zayo advertises that it is capable of providing a complete system to transport data (including internet, voice, and video) from the source of that data (e.g., a subscriber location such as a residence or business) to the destination of the data (e.g., another subscriber location) using fiber optic lines end-to-end. (the "Zayo System").   This Zayo System includes, but is not limited to Zayo Bandwidth Infrastructure Solutions system. Besides owning, operating, maintaining, selling, offering for sale, making, and using the Zayo System, Zayo induces the use of the Zayo System by residential, business, governmental, and enterprise subscribers.  **Exhibit G** (available at http://www.zayo.com/ and http://www.zayo.com/services).

### COUNT I

### ZAYO PATENT INFRINGEMENT
### UNDER 35 U.S.C. 271 OF THE '478 PATENT

25.    BOS incorporates by reference the allegations of paragraphs 1-23.

6

26.     The '478 patent was duly and legally issued by the United States Patent Office on September 10, 1996, after full and fair examination.  An "ex parte" reexamination certificate issued on June 19, 2007.

27.     Plaintiff is the assignee of all rights, title, and interest in and to the '478 patent and possesses all rights of recovery under the '478 patent.

28.     Zayo has directly infringed the '478 patent at a minimum by making, using, offering to sell, and selling within the United States products and/or services that practice the inventions of the '478 patent, namely products/services affiliated with the Zayo System, and these products and services have no substantial non-infringing uses.

29.     Zayo has contributorily infringed the '478 patent and induced infringement of the '478 patent after the filing of the complaint.

30.     Zayo was aware of the '478 patent *at minimum* after the filing of this complaint.

31.     Despite knowledge of the patent and its infringement and, upon belief, Zayo continued to operate the Zayo System.

32.     In addition and upon belief, Zayo encouraged its customers to operate the Zayo System in an infringing manner despite its knowledge of the patent-in-suit.

34.     Zayo has caused and will continue to cause BOS substantial damage and irreparable injury by virtue of its continuing infringement.

35.     BOS is entitled to recover from Zayo the damages sustained by BOS as a result of Zayo's acts in an amount subject to proof at trial and an injunction preventing Zayo from continuing its acts.

7

36.     Upon information and belief and after an opportunity for further discovery, Zayo's infringement of the '478 patent is willful and deliberate.

### PRAYER FOR RELIEF

WHEREFORE, Brilliant Optical Solutions respectfully requests that the Court enter a judgment as follows:

A.    A judgment that Zayo has directly infringed the '478 patent, contributorily infringed the '478 patent, and induced infringement of the '478 patent;

B.    An injunction preventing Zayo and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with Zayo, from directly infringing, contributorily infringing, and inducing the infringement of the '478 patent;

C.    A judgment and order requiring Zayo to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

D.     A judgment and order requiring Zayo to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E.    A judgment and order requiring Zayo to pay Plaintiff the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

F.    Such other and further relief as the Court deems just and equitable.

First Amended Complaint for Patent Infringement

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be determined by jury.

<div style="margin-left:auto;">

Respectfully submitted,
PLAINTIFF BRILLIANT OPTICAL SOLUTIONS, LLC

By its attorneys,

</div>

Dated: June 25, 2013         By: */s/ Paul A. Lesko*
                               Paul A. Lesko
                               SIMMONS BROWDER GIANARIS
                               ANGELIDES & BARNERD LLC
                               One Court Street
                               Alton, IL 62002
                               Phone: (618) 259-2222
                               Fax:  (618) 259-2251
                               plesko@simmonsfirm.com

First Amended Complaint for Patent Infringement

## *CERTIFICATE OF SERVICE*

I hereby certify that on June 25, 2013, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record:

Krishnan Padmanabhan
Winston & Strawn, LLP-New York
200 Park Avenue
New York, NY 10166-4193
Phone: 212-294-6700
Fax: 212-294-4700
kpadmanabhan@winston.com

Kurt Aaron Mathas
Winston & Strawn, LLP-Chicago
35 West Wacker Drive
Chicago, IL 60601-9703
Phone: 312-558-8329
Fax: 312-558-5100
kmathas@winston.com

Peter E. Chevalier
Zayo Group, LLC
400 Centennial Parkway
Suite 200
Louisville, CO 80027
Phone: 303-414-4008
Fax: 303-226-5039
peter.chevalier@zayo.com

*Attorneys for Defendant Zayo Group, LLC*

*/s/ Paul A. Lesko*
Attorney for Plaintiff Brilliant Optical Solutions, LLC

First Amended Complaint for Patent Infringement