IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-887-RBJ

BRILLIANT OPTICAL SOLUTIONS LLC,

    Plaintiff,

v.

ZAYO GROUP, LLC,

    Defendants.

---

**DEFENDANT ZAYO GROUP, LLC'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

In its misplaced attempt to plead indirect patent infringement claims against Zayo Group, LLC in this case, plaintiff Brilliant Optical includes only a single conclusory sentence and a few buzzwords in its First Amended Complaint to purportedly support its allegation that "Zayo has contributorily infringed the '478 patent and induced infringement of the '478 patent after the filing of the complaint." (Am. Compl. ¶ 29.) These sparse allegations, however, do not meet the pleading standards for alleging indirect infringement as recently confirmed by the Federal Circuit and scores of district courts.

Pursuant to Fed. R. Civ. P. 12(b)(6), Zayo therefore respectfully requests that this Court dismiss Plaintiff's indirect infringement allegations for failure to state a claim upon which relief may be granted.

I.   BACKGROUND

Plaintiff Brilliant Optical Solutions LLC ("Plaintiff") filed this patent infringement suit against Zayo Group, LLC ("Zayo") on April 5, 2013, alleging that Zayo directly and indirectly infringes the patent-in-suit because it "owns, operates, maintains, sells, offers for sale, makes and uses a fiber optic transmission system." (Compl. ¶ 22.)  On June 3, 2013, Zayo moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. Dkt No. 10.  Plaintiff subsequently filed a First Amended Complaint ("Am. Compl.") on June 25, 2013, addressing certain of the issues raised in Zayo's motion. Dkt No. 15.[1]  Plaintiff's First Amended Complaint, however, continues to be defective with respect to Plaintiff's indirect infringement allegations.

In its First Amended Complaint, Plaintiff again alleges that Zayo directly and indirectly infringes the patent-in-suit because it "owns, operates, maintains, sells, offers for sale, makes and uses a fiber optic transmission system." (Am. Compl. ¶ 23.)  The First Amended Complaint further alleges that Zayo directly infringes the patent-in-suit by selling products and/or services that operate over the Zayo System. (*Id.* ¶¶ 23, 28.)  In addition to its allegations of direct infringement (*id.* ¶ 28), Plaintiff attempts to plead claims of indirect infringement in a single sentence by stating: "Zayo has contributorily infringed the '478 patent and induced infringement of the '478 patent after the filing of the complaint." (*Id.* ¶ 29.)  Plaintiff sprinkles in a few other indirect infringement buzzwords in conclusory fashion, including stating, for example: (1) that the accused products and services "have no substantial non-infringing uses" (¶ 28); and (2) that "upon belief, Zayo encourages its customers to operate the Zayo System in an infringing

---

[1] The filing of the First Amended Complaint rendered Zayo's original Motion to Dismiss moot.

manner." (¶ 32.) Zayo moves to dismiss these allegations now pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief may be granted under prevailing authority, as detailed below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's *Twombly* and *Iqbal* decisions have acknowledged that Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal v. Ashcroft*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do'" (quoting *Twombly*, 550 U.S. at 555)); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (Fed. Cir. 2010).

*Iqbal* sets forth a two-step process for determining the sufficiency of a complaint. First, legal conclusions must be distinguished from factual allegations because legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950; *Jacobs*, 626 F.3d at 1333. Then, the factual allegations in the complaint must be evaluated to "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950; *Jacobs*, 626 F.3d at 1333.

Patent cases, like this one, are subject to the same requirements. The Federal Circuit has recently confirmed that district courts "must look to Supreme Court precedent [*Twombly* and *Iqbal*] for guidance regarding the pleading requirement for claims of indirect infringement," including the two forms of indirect infringement at issue here—inducement of infringement

under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c). *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

Thus, to determine whether a complaint states a claim, courts look to the allegations in the complaint to determine whether they comply with *Twombly* and *Iqbal*—*i.e.*, whether the complaint states a claim for relief that is plausible on its face. *See, e.g., BIAX Corp. v. Motorola Solutions, Inc.*, No. 10-cv-3013, 2012 WL 502727, at *2-3 (D. Colo. Feb. 15, 2012) (dismissing plaintiff's indirect infringement claims because they fail to meet the pleading standards of *Twombly* and *Iqbal*); *Asentinel LLC v. The Info Group, Inc.*, No. 10-2706, 2011 WL 3667517, at *4 (W.D. Tenn. Aug. 3, 2011) (applying *Twombly* and *Iqbal* to indirect infringement claims).

### III. ARGUMENT

Plaintiff's First Amended Complaint fails to adequately plead a claim for indirect infringement. Plaintiff makes little effort to plead either induced infringement or contributory infringement beyond including a single conclusory sentence and a few buzzwords in the First Amended Complaint. Applying *Twombly* and *Iqbal*, these claims should be dismissed under Rule 12(b)(6).

#### A. Plaintiff's First Amended Complaint Does Not Plead Facts to Support a Claim of Contributory Infringement

To prove contributory infringement under 35 U.S.C. § 271(c), the patentee must demonstrate that: (1) the accused infringer offers to sell, sells, or imports a specific item or product; (2) that such item or product is a component, material, or apparatus used in an infringing combination or process and it is a "material part of the invention;" (3) that the accused infringer knew that the item or product was "especially made or especially adapted for use in an infringement" of the patent; and (4) that the item or product has no substantial

4

noninfringing uses. *See* 35 U.S.C. § 271(c); *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004) (outlining standard for contributory infringement). Thus, a patentee must plead facts to make the possibility of proving each of these elements plausible on the face of the complaint. *See In re Bill of Lading*, 681 F.3d at 1337; *Brandywine Communications Techs., LLC v. T-Mobile USA, Inc.*, -- F. Supp. 2d --, 2012 WL 5266049, *8-10 (M.D. Fla. Oct. 24, 2012). Plaintiff's First Amended Complaint fails on all grounds.

As an initial matter, Plaintiff's allegation that Zayo's provision of services leads to contributory infringement has been foreclosed as a matter of law, and the allegation that Zayo is contributorily infringing by providing any services should be dismissed with prejudice. By its terms, section 271(c) does not apply to services. Instead, it applies to "a *component* of a patented machine, manufacture, combination, or composition, or a *material or apparatus* . . . ." 35 U.S.C. § 271(c). Services are not "components," "materials," or "apparatus" within the meaning of § 271(c). *See, e.g.*, *Best Medical Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2011 WL 860423, at *6 (W.D. Pa. Mar. 9, 2011) ("Contributory infringement requires the sale of a product of some sort—*the provision of a service does not suffice.*") (emphasis added).

In fact, the notion that the provision of a service can lead to contributory infringement was squarely rejected by the Federal Circuit in *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007). In that case, the patentee contended that "section 271(c) is not limited to the sale of a product, but extends to the sale of a service." *Id.* at 1357. In rejecting that argument, the Federal Circuit noted that the patentee's argument "is contrary to both the language and legislative history of section 271(c)." *Id.* Thus, the Federal Circuit affirmed the ruling that defendants could not infringe under § 271(c). *Id.* at 1358. Given this

authority, any claim of contributory infringement against any Zayo service should be dismissed for failure to state a claim upon which relief can be granted.

To the extent that any of Plaintiff's allegations are directed at products and not services, any such allegations of contributory infringement would still fail. In order to establish that Zayo is liable for contributory infringement, Plaintiff must plead that Zayo knew that the unidentified products were "especially made or especially adapted for use in an infringement" of the patents-in-suit. 35 U.S.C. § 271(c). Because the First Amended Complaint fails to allege facts that could plausibly suggest the requisite knowledge that any products were "especially made" for use in an infringement, Plaintiff's claim for contributory infringement should be dismissed for failure to state a claim on this ground as well. *See, e.g., BIAX*, 2012 WL 502727 at *3 (dismissing contributory infringement claim for failure to include non-conclusory allegations that defendants "sold 'a component with knowledge that the component is especially designed for us in a patent invention'").

Moreover, to state a plausible claim for contributory infringement under 35 U.S.C. § 271(c), the First Amended Complaint must factually support an allegation that the accused products are used as part of a patented machine or process, and that they are a "material part of the invention." *In re Bill of Lading*, 681 F.3d at 1333. The First Amended Complaint fails in this respect as well. *See, e.g., Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2011 WL 2601043, at *5 (W.D. Pa. Jun. 30, 2011) (dismissing contributory infringement allegation where the complaint "does not aver that the VentSure Product constitutes 'a material part' of the inventions claimed in the [patents-in-suit]").

Finally, another requirement of contributory infringement is that the accused products must have no substantial non-infringing uses. Thus, to state a claim under 35 U.S.C. § 271(c), Plaintiff's First Amended Complaint must include non-conclusory allegations that the accused products have no substantial noninfringing uses. It does not. While the words "no substantial non-infringing uses" appear in the First Amended Complaint (¶ 28), they are nothing more than the type of conclusory allegations that have been held insufficient to support a contributory infringement claim. For example, in *BIAX*, the court dismissed a contributory infringement claim, even though the complaint stated that the accused products "have no substantial non-infringing uses," because the complaint "lack[ed] any nonconclusory allegations" and "merely recites statutory language from 35 U.S.C. § 271(c)." 2012 WL 502727 at *1, 3. So too here. In the absence of any non-conclusory allegations, dismissal is proper. *See Driessen v. Sony Music Entertainment*, --- F.Supp.2d ----, 2012 WL 5293039, at *8 (D. Utah October 23, 2012) (dismissing contributory infringement claim where the complaint "merely provides the single conclusory allegation that 'the retail presentation of specific online digital rights component . . . has no substantial non-infringing uses'").

B.  **Plaintiff's First Amended Complaint Fails to State a Claim of Induced Infringement**

To state a plausible claim for inducement of infringement under section 271(b), a patentee must allege "facts plausibly showing that [the accused infringer] specifically intended [its] customers to infringe the . . . patent and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339; *see also* 35 U.S.C. § 271(b). Plaintiff's First Amended Complaint does not include the necessary allegations of intent and should therefore be dismissed. *See Eon Corp. IP Holdings, LLC v. Flo TV Inc.*, No. 10-812, 2011 WL

7

2708945, at *3 (D. Del. Jul. 12, 2011) ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent."); *AirVent*, 2011 WL 2601043, at *4 ([plaintiff] must allege not only that [defendant] knowingly induced infringement, but that [defendant] had a specific intent to encourage that infringement."); *Pecorino v. Vutek Corp.*, No. 11-cv-6312, 2012 WL 5989918, at *22 (E.D.N.Y. Nov. 30, 2012) (holding that pleading "knowledge alone is insufficient" to state a claim for inducement, and reiterating that "the complaint 'must contain facts plausibly showing that [defendant] specifically intended their customers to infringe the [patent-in-suit] and knew that the customer's acts constituted infringement'").

Here, Plaintiff does not allege any *facts* that suggest that Zayo had a specific intent to cause any third party to directly infringe the patent-in-suit. At best, the First Amended Complaint states in conclusory fashion that "upon belief, Zayo encouraged its customers to operate the Zayo System in an infringing manner." (Compl. ¶ 32.) Such conclusory allegations are insufficient to survive a motion to dismiss. In *BIAX*, the court dismissed similar allegations of induced infringement, which alleged that defendant had induced infringement by "actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement." 2012 WL 502727, at *1. Just as in *BIAX*, Plaintiff here "fails to allege any facts 'to plausibly state a claim that [defendant is] specifically intending to induce others to infringe plaintiff's patent.'" *Id.* at *3. This failure warrants dismissal. *See In re Bill of Lading*, 681 F.3d at 1339 (the complaint "must contain facts plausibly showing that [the accused infringer] specifically intended their customers to infringe …"); *Koninklijke Philips Elecs. N.V. v. The Ads Group*, 694 F. Supp. 2d 246, 253 (S.D.N.Y. 2010) ("the Amended Complaints do not allege facts permitting the conclusion that the MTD

defendants acted culpably, with the specific intent of inducing infringement, a necessary element of an inducement claim").

Because Plaintiff has failed to plead specific intent to induce infringement as detailed above, its inducement allegations should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Zayo respectfully submits that Plaintiff's indirect infringement and willful infringement allegations should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: July 11, 2013

Respectfully submitted,

___/s/ Kurt A. Mathas___

Kurt A. Mathas
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600
F: (312) 558-5700
kmathas@winston.com

Krishnan Padmanabhan
Winston & Strawn LLP
200 Park Ave.
New York, NY 10166
T: (212) 294-6700
F: (212) 294-4700
kpadmanhdab@winston.com

*Attorneys for Zayo Group, LLC*

## Certificate of Service

I hereby certify that on July 11, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Kurt A. Mathas
Kurt A. Mathas