IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-887-RBJ

BRILLIANT OPTICAL SOLUTIONS LLC,

    Plaintiff,

v.

ZAYO GROUP, LLC,

    Defendants.

---

**DEFENDANT ZAYO GROUP, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

Plaintiff's Opposition wholly ignores the pleading requirements for stating a claim for indirect patent infringement. With respect to Plaintiff's contributory infringement claim, Plaintiff only addresses (and does not resolve) one of the four deficiencies in its contributory infringement allegations. As for induced infringement, Plaintiff conflates the two pleading requirements into a single element and argues that it meets both because it pleads one. This is plainly deficient. Accordingly, Zayo's Motion should be granted.

### I.     Plaintiff's First Amended Complaint Does Not Plead Facts to Support a Claim of Contributory Infringement

Zayo identified four pleading deficiencies in Plaintiff's contributory infringement allegations: (1) that a service (as opposed to a product) cannot contributorily infringe; (2) the requirement that the accused product was "especially made or especially adapted for use in an infringement;" (3) the requirement that the accused product is part of a patented method or

process and "a material part of the invention;" and (4) the requirement that the accused products have no substantial non-infringing uses. Mot. at 4-7. In response, Plaintiff challenges only the fourth issue (no substantial noninfringing uses), and unsuccessfully at that.

With respect to the "no substantial noninfringing uses" element, Plaintiff effectively concedes that it has pled this element in a conclusory fashion, arguing that "there is little more BOS can state." Opp'n at 3. Plaintiff cite no law in support of its claim that such an allegation is sufficient, and completely ignores the cases cited in Defendant's Motion that hold that merely including a statement that there are no substantial noninfringing uses fails to state a claim. *See* Mot. at 7 (citing *BIAX* and *Dreisen*). For example, in *BIAX*, the court dismissed a contributory infringement claim even though the words "no substantial non-infringing uses" were included in its complaint because the complaint "lack[ed] any nonconclusory allegations" and "merely recites statutory language from 35 U.S.C. § 271(c)." *BIAX Corp. v. Motorola Solutions, Inc.*, No. 10-cv-3013, 2012 WL 502727, at *1, 3 (D. Colo. Feb. 15, 2012). The complaint here is indistinguishable.

As for the other three missing elements, Plaintiff does not dispute (or even address) these deficiencies. Plaintiff does not challenge that these are required elements to state a claim for contributory infringement or take issue with any of the law cited by Zayo. For example, Plaintiff does not address well-settled Federal Circuit law that the provision of a service (what is accused here) cannot lead to contributory infringement. Mot. at 5-6. Nor does Plaintiff point to anything in the Amended Complaint to contest Zayo's arguments. Thus, even if Plaintiff had adequately pled that there are no substantial noninfrining uses, which it has not, Plaintiff's contributory infringement allegations should still be dismissed.

## II. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM OF INDUCED INFRINGEMENT

Plaintiff agrees that to state a claim for induced infringement a patentee must plead *both* knowledge and intent. Plaintiff's Opposition, however, focuses solely on the knowledge element. But pleading "knowledge alone is insufficient." *Pecorino v. Vutek Corp.*, No. 11-cv-6312, 2012 WL 5989918, at *22 (E.D.N.Y. Nov. 30, 2012). As numerous courts have made clear, knowledge and intent are separate elements, and Plaintiff cannot bootstrap a finding of intent from knowledge alone. *See* Mot. at 7-8 (citing *Eon*, *AirVent*, *Pecorino*, and *BIAX*).

Other courts in this District have found allegations similar to Plaintiff's to be insufficient to plead the intent element. For example, in *BIAX*, the court found insufficient a complaint that pled that defendant had "actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement." 2012 WL 502727, at *1. Plaintiff's allegations here are no more specific. *See* Am. Compl. at ¶ 32 ("[U]pon belief, Zayo encouraged its customers to operate the Zayo System in an infringing manner."). As such, Plaintiff "fails to allege any facts 'to plausibly state a claim that [defendant is] specifically intending to induce others to infringe plaintiff's patent.'" *BIAX*, 2012 WL 502727, at *3. Because Plaintiff has failed to plead specific intent to induce infringement, a necessary element of an inducement claim, its inducement allegations should be dismissed.

Finally, Plaintiff blatantly mis-reads *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042 (Fed. Cir. 2010). *AstraZeneca* does not stand for the proposition that "where a product **has no** 'substantial noninfringing uses' . . . knowledge of infringement **can result in an inference** of intent to induce." Opp'n at 5 (emphasis added). *AstraZeneca* expressly states the converse:

3

"Apotex is correct that 'where a product *has* substantial noninfringing uses, intent to induce *cannot be inferred* even when the [alleged inducer] has actual knowledge that some users of its product may be infringing the patent.'" 633 F.3d at 1059. Indeed, the specific intent finding in that case was not based on an "inference" at all, but rather on "affirmative evidence of intent," which does not exist here. *Id. AstraZeneca* does not save Plaintiff's allegations.

### III. CONCLUSION

Zayo respectfully submits that Plaintiff's indirect infringement allegations should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: August 19, 2013

Respectfully submitted,

/s/ Kurt A. Mathas

Charles B. Molster, III
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006
T: (202) 282-5000
F: (202) 282-5100
cmolster@winston.com

Kurt A. Mathas
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-5600
F: (312) 558-5700
kmathas@winston.com

Krishnan Padmanabhan
Winston & Strawn LLP
200 Park Ave.
New York, NY 10166
T: (212) 294-6700
F: (212) 294-4700
kpadmanhdab@winston.com

*Attorneys for Zayo Group, LLC*

4

## Certificate of Service

I hereby certify that on August 19, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Kurt A. Mathas
Kurt A. Mathas